Mr. Chief Justice Johnson delivered the opinion of the Court. The first four replications filed to the defendant’s plea of the statute ef limitations, were predicated upon the 20th sec. of ch. 91 ,Rev. Slat. That section was expressly repealed by the act of 1844, and as a necessary consequence the privileges conferred by the former were thereby taken away by the latter. We consider it wholly unnecessary therefore to enter upon a discussion of the merits of such of the replications as are based upon the repealed section of the act of 1839, as the effect of that repeal has been directly and emphatically declared by this court in the case of Calvert, use Lawson vs. Lowell, (5 Eng. R. 155.) This court, in that case, said that, “ As to the first four replications, they were bad for the reason that they were predicated upon a section of the act of 1839 (Rev. Stat., ch. 91, sec. 20) that had been expressly repealed by the act of December 14, 1844.” The court below, therefore, ruled correctly in sustaining the demurrers to the first four replications. The next question to be determined is, whether the court erred in not overruling the demurrer to the rejoinders, to the fifth and sixth replications, upon the ground that the replications themselves were bad, and that the rejoinders, whether good or bad, were all-sufficient for the replications. The fifth and sixth replications were based upon the 26th section of the act of 1839, already referred to. That section provides that “If any person, by leaving the county, absconding or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited, after the commencement of such action shall have ceased to be so prevented. These two replications are substantially the same. They are both rather inartificially drawn, yet they are believed to be a substantial compliance with the 26th section of the act of 1839. It is objected that they do not aver that the defendant below ever was in the State of Arkansas. The fifth alleges that he prevented the institution of the suit by fraudulently keeping himself and his property beyond the jurisdiction of this State, and by fraudulently concealing himself and his property when in the State, &c.; and the sixth charges that he prevented suit, &c., solely by his own fraudulent conduct in concealing himself and his property, so that no legal process could be served upon him or his property seized, &c. The section, upon which these two replications were based, was manifestly designed as an exception to the general limitation law, and that upon the happening of any one of the causes specified or contemplated by it to arrest its operation during the continuance of such cause. Such being the sole object of the section referred to, it follows, as a necessary consequence, that, in order to give it force and effect, the defendant, who is proposed to be brought within such exception, must have been within this State at the time of the accrual of the cause of action, or at some time thereafter and before the expiration of the time limited for the institution of the suit. It was absolutely essential, in order to deprive the defendant below of the benefit of the general limitation act, and to bring him within the scope of the exception, to show that he was in the State at a time when the statute had commenced running, and that he perpetrated the act complained of before it actually run out and become a fixed and perfect bar. These are material, tra-versable facts, and as such are essential to be averred in a replication predicated upon the 26th section of the act of 1839. It is not alleged in either of the replications, in express terms, that the defendant ever was within the State of Arkansas, much less is it averred that he was within it at such time as the statute would have run against him. Where any party attempts to bring another within a particular saving or exception, he is required to state with distinctness and particularity all such facts as are essential to bring him within such exception. It may be that the defendant never was within this State until the bar had become perfect and fixed, and, if so, he had the unquestionable right to show it in his defence; which he could not do unless it had been charged against him in the replication. True it is that he is charged with concealing himself and his property beyond the jurisdiction of this State, and of fraudulently concealing himself and property when in the State, and it is alleged that by so doing he prevented the institution of any suit against himself or any proceeding against his property within five years next after the cause of action accrued and up to the time of the institution of this suit. Every allegation in these replications may be literally true, and yet the defendant .may never have been within this State since the accrual of the cause of action and before the bar became perfect and complete. The fifth and sixth replications were therefore bad, and, as a necessary consequence, the plaintiff’s demurrer to the defendant’s rejoinders, extending back to the defects in his own pleading, the court ruled correctly in overruling such demurrers, regardless of any defect in the rejoinders. The judgment of the court below is therefore in all things affirmed.